[851 NE2d 1167, 818 NYS2d 816]

G. Scott Walling et al., Respondents, v Paul F. Przybylo et al., Appellants.

Argued April 26, 2006; decided June 13, 2006

### POINTS OF COUNSEL

*McMillan, Constabile, Maker & Perone, LLP,* Larchmont (*William Maker, Jr.,* of counsel), for appellants. I. Knowledge alone is sufficient to defeat an adverse possession claim. (*Barnes v Light,* 116 NY 34; *Van Valkenburgh v Lutz,* 304 NY 95; *Belotti v Bickhardt,* 228 NY 296; *Doherty v Matsell,* 119 NY 646; *Oistacher v Rosenblatt,* 220 AD2d 493; *Van Gorder v Masterplanned, Inc.,* 78 NY2d 1106; *Joseph v Whitcombe,* 279 AD2d 122; *Harbor Estates Ltd. Partnership v May,* 294 AD2d 399; *Oak Ponds v Willumsen,* 295 AD2d 587; *Bockowski v Malak,* 280 AD2d 572.) II. Even under the Third Department rule, plaintiffs were not entitled to summary judgment. (*Van Gorder v Masterplanned, Inc.,* 161 AD2d 920, 78 NY2d 1106.)

*G. Scott Walling,* Queensbury, respondent pro se, and for Kathleen Walling, respondent. I. The Third Department was correct in its determination as a matter of law that possessors, whose possession is otherwise open, hostile and continuous for the statutorily-prescribed period of time, can obtain property by adverse possession despite their knowledge that another party held record title to the property. (*Matter of Cicio v City of New York,* 98 AD2d 38; *Van Valkenburgh v Lutz,* 304 NY 95; *Monnot v Murphy,* 207 NY 240; *Spiegel v Ferraro,* 73 NY2d 622; *Belotti v Bickhardt,* 228 NY 296; *Bernat v Echo Socy. of Niagara Falls, N.Y.,* 8 AD2d 760, 7 NY2d 914; *Barnes v Light,* 116 NY 34; *Birk-*

*holz v Wells,* 272 AD2d 665; *Gerlach v Russo Realty Corp.,* 264 AD2d 756; *Sinicropi v Town of Indian Lake,* 148 AD2d 799.) II. Defendants' claim that the Charles Maine affidavit raised a triable question of fact as to whether plaintiffs acknowledged that the property was not theirs is unpreserved for this Court's consideration and is in any event both factually and legally erroneous. *(Van Gorder v Masterplanned, Inc.,* 161 AD2d 920, 78 NY2d 1106; *Cummins v County of Onondaga,* 84 NY2d 322; *Guariglia v Blima Homes,* 89 NY2d 851; *Monnot v Murphy,* 207 NY 240; *City of Tonawanda v Ellicott Cr. Homeowners Assn.,* 86 AD2d 118.) III. County Court erred in its conclusion that, on their motion for leave to renew, defendants satisfied the requirement of CPLR 2221 (e) (3) that the motion contain reasonable justification for the failure to present the new facts on the prior motion. *(Carota v Wu,* 284 AD2d 614; *Cerasaro v Cerasaro,* 9 AD3d 663; *Spa Realty Assoc. v Springs Assoc.,* 213 AD2d 781; *Foitl v G.A.F. Corp.,* 64 NY2d 911; *Henderson v Stilwell,* 116 AD2d 861, 68 NY2d 606; *Wallin v Wallin,* 34 AD2d 870; *Rosenman Colin Freund Lewis & Cohen v Edelman,* 165 AD2d 533.)

### OPINION OF THE COURT

G.B. SMITH, J.

This appeal arises from an action to quiet title by adverse possession. Because actual knowledge that another person is the title owner does not, in and of itself, defeat a claim of right by an adverse possessor, we affirm the order of the Appellate Division awarding summary judgment to plaintiffs.

Plaintiffs and defendants are owners of adjoining residential lots, 22 and 23, located in the Town of Queensbury, County of Warren, New York. The disputed portion of the land is on the northern border of lot 23.

In January 1986, plaintiffs, the Wallings, purchased lot 22 on Butternut Hill Drive. In 1989, the Przybylos purchased lot 23. Both lots were unimproved land on which the parties built homes and swimming pools. On lot 22, the plaintiffs also built a small shed. Even though the defendants purchased their land in 1989, they did not construct their residence until 1991 and did not obtain a certificate of occupancy and move in until May 1994.

In May 1987, plaintiffs bulldozed and deposited fill and topsoil on defendants' northerly side yard, including the disputed parcel, dug a trench and installed PVC pipe for the purpose of carrying water from plaintiffs' eaves and downspouts to and

under the disputed parcel, ultimately discharging the water in and over the disputed parcel. Also prior to defendants' arrival, plaintiffs constructed an underground dog wire fence to enclose their dog and continuously mowed, graded, raked, planted, and watered the grassy area in dispute. Also, on this portion of the land, the plaintiff installed 69 feet of four-inch PVC pipe in such a way that all of the pipe ran underground but finally surfaced within a "swale." Defendants admit that the lawn was in part cultivated before they moved in. In 1992, plaintiffs dug a hole near the northwesterly corner of the grassy part of the disputed territory and placed in it a post approximately 10 feet long on which they affixed a birdhouse. Since 1992, the post and birdhouse have remained in place.

In 2004, defendants had the land surveyed and discovered that they had title to the disputed portion of the land. Upon learning of this, plaintiffs brought an action to quiet title. On September 16, 2004, the Warren County Court granted plaintiffs' motion for summary judgment quieting title to the land. The court stated:

> "Based on the facts of this case, it is clear that plaintiffs, as adverse users, entered upon the disputed parcel of property in 1986 under the misapprehension that the parcel was part of their land. Although not conceded by the defendants, it appears that each party was mutually mistaken as to the true location of the boundary line. Plaintiffs cultivated the parcel by having various excavation work performed on said property, by having topsoil installed and by establishing and maintaining a lawn on a significant portion of the dispute[d] parcel, a use consistent with the nature and character of the parcel. Surprisingly, defendants do not allege to have ever mowed the disputed parcel of property at any time."

On December 15, 2004, after a motion to renew, the motion court modified its decision by denying summary judgment to the plaintiffs. Based upon an affidavit by the previous owner of lot 22, and the 1986 survey of plaintiffs' property, the motion court found that there were triable issues of fact as to whether plaintiffs had actual knowledge of the true owners prior to making improvements on the land. The Appellate Division modified the order of County Court by reversing the denial of summary judgment to the plaintiffs and granting that motion. The Appel-

late Division determined: "In the absence of an overt acknowledgment, our courts have recognized since *Humbert v Trinity Church* [24 Wend 587 (1840)], that an adverse possessor's claim of right or ownership will not be defeated by mere knowledge that another holds legal title" (24 AD3d 1, 4 [3d Dept 2005] [citation omitted]).

Adverse possession must be proven by clear and convincing evidence (*Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 159 [1996]). "Where there has been an actual continued occupation of premises under a claim of title, exclusive of any other right, but not founded upon a written instrument or a judgment or decree, the premises so actually occupied, and no others, are deemed to have been held adversely" (RPAPL 521).

To establish a claim of adverse possession, the following five elements must be proved: Possession must be (1) hostile and under claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the required period (*Belotti v Bickhardt*, 228 NY 296, 302 [1920]; *see also Van Valkenburgh v Lutz*, 304 NY 95, 99 [1952]; *Spiegel v Ferraro*, 73 NY2d 622, 624 [1989]; *Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d at 159). Here the required period is at least 10 years (*see Ray* at 159).

Plaintiffs possessed the disputed parcel of land as early as 1986 in an open and notorious manner, hostile to the interests of the title owners and continuously for 20 years, 10 of which occurred after defendants moved into their residence. "The ultimate element in the rise of a title through adverse possession is the acquiescence of the real owner in the exercise of an obvious adverse or hostile ownership through the statutory period" (*see Monnot v Murphy*, 207 NY 240, 245 [1913]). It was not until April 21, 2004, close to 10 years after moving into the house and almost 15 years after purchasing the property, that defendants sought to assert their rights over the disputed parcel. The failure to assert their rights in a timely manner prevents defendants from prevailing on this appeal.

Defendants argue that there is no claim of right when the adverse possessor has actual knowledge of the true owner at the time of possession. However, longstanding decisional law does not support this position. The adverse possessor must act under claim of right (*see Van Valkenburgh*). By definition, a claim of right is adverse to the title owner and also in opposition to the rights of the true owner. Conduct will prevail over knowledge, particularly when the true owners have acquiesced in the

exercise of ownership rights by the adverse possessors (*see Monnot v Murphy, supra*). The fact that adverse possession will defeat a deed even if the adverse possessor has knowledge of the deed is not new (*see Humbert v Rector, Churchwardens & Vestrymen of Trinity Church*, 24 Wend 587, 604 [1840] ["Possession by the defendant with a claim of title for twenty years, can no more be answered by averring that he knew he was wrong, than could the bar of two years, in slander, by the known falsehood of the libel for which it is prosecuted"]). The issue is "actual occupation," not subjective knowledge (*see id.* [emphasis omitted]).

"Adverse possession, although not a favored method of procuring title, is a recognized one. It is a necessary means of clearing disputed titles and the courts adopt it and enforce it, because, when adverse possession is carefully and fully proven, it is a means of settling disputed titles and this is desirable" (*Belotti v Bickhardt*, 228 NY at 308; *see generally Hindley v Manhattan Ry. Co.*, 185 NY 335, 355-356 [1906]).

The facts of *Van Valkenburgh v Lutz* (304 NY at 99-100) are distinguishable. In *Van Valkenburgh*, defendant admitted that he was aware of the rightful owner at the time that he built his shed on the disputed property (*see* 304 NY 95, 99 [1952]). Defendants point to this and other language in *Van Valkenburgh* that may seem inconsistent with our holding here. We do not, however, read *Van Valkenburgh* as contradicting the principle, well established since the nineteenth century, that an adverse possessor's actual knowledge of the true owner is not fatal to an adverse possession claim. The *Van Valkenburgh* court mentioned several bases for its holding, and any perhaps mistaken dictum in that case did not change the law as *Humbert*, *Monnot* and other cases previously stated it.

The evidence in this case was sufficient to establish title by adverse possession and to grant summary judgment to plaintiffs.

Accordingly, the order of the Appellate Division should be affirmed, with costs. The certified question should not be answered upon the ground that it is unnecessary.

Chief Judge KAYE and Judges CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed, etc.