■ NOEL DUMAURIER, Respondent, v LINDSAY-BUSHWICK ASSOCIATES, L.P., Appellant, et al., Defendant. [835 NYS2d 235]—In an action, inter alia, to compel the determination of claims to real property pursuant to RPAPL article 15, the defendant Lindsay-Bushwick Associates, L.P., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated January 3, 2006, as, upon granting the plaintiff's motion for reargument of its motion for summary judgment dismissing the complaint insofar as asserted against it, which was granted in a prior order dated August 29, 2005, in effect, vacated the prior order and denied the motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

A party seeking to obtain title to real property by adverse possession not based upon a written instrument must establish that the property was either "usually cultivated or improved" (RPAPL 522 [1]) or "protected by a substantial inclosure" (RPAPL 522 [2]). In addition, the party must demonstrate, by clear and convincing evidence, the common-law requirements of adverse possession—that the possession was hostile and under claim of right, actual, open and notorious, exclusive, and continuous for the statutory period of 10 years (*see Walling v Przybylo,* 7 NY3d 228, 232 [2006]; *Ray v Beacon Hudson Mtn. Corp.,* 88 NY2d 154, 159 [1996]; *Hall v Sinclaire,* 35 AD3d 660 [2006]; *Beyer v Patierno,* 29 AD3d 613 [2006]; *Samter v Maggiore,* 309 AD2d 741 [2003]). In this case, the Supreme Court, upon reargument, correctly determined that a triable issue of fact exists which precluded the granting of the appellant's motion for summary judgment (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Samter v Maggiore, supra*). Prudenti, P.J., Fisher, Carni and McCarthy, JJ., concur.