ANTHONY LEMQUIST et al., Respondents, v ARMANDO ARAUJO et al., Appellants, et al., Defendants. [855 NYS2d 630]—

In an action, inter alia, to permanently enjoin the defendants from trespassing upon the plaintiffs' property and to award the plaintiffs sole title and exclusive possession of the subject parcel, the defendants Armando Araujo and Teresa Araujo appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Weber, J.), dated September 29, 2006, as granted that branch of the plaintiffs' motion which was for summary judgment against them.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the plaintiffs' motion which was for summary judgment against the appellants is denied.

The plaintiffs satisfied their initial burden on that branch of their motion which was for summary judgment against the appellants by submitting evidence of their record ownership of the strip of property at issue and the appellants' encroachments thereon, thereby shifting the burden to the appellants to produce evidentiary proof in admissible form establishing the existence of a triable issue of fact as to their claim of adverse possession (*see Guariglia v Blima Homes,* 224 AD2d 388 [1996], *affd* 89 NY2d 851 [1996]). Contrary to the determination of the Supreme Court, the appellants satisfied their burden by relying on the plaintiffs' survey demonstrating the nature and extent of their encroachments, and on their own affidavits which, while far from compelling, sufficed to raise factual issues regarding

whether their alleged possession of the strip was hostile and under claim of right, actual, open and notorious, exclusive, continuous for the statutory 10-year period (*see* RPAPL 501), and characterized by the usual cultivation and improvement of the property (*see* RPAPL 522) (*see generally Walling v Przybylo,* 7 NY3d 228 [2006]; *United Pickle Prods. Corp. v Prayer Temple Community Church,* 43 AD3d 307 [2007]; *DuMaurier v Lindsay-Bushwick Assoc., L.P.,* 39 AD3d 460 [2007]; *Hall v Sinclaire,* 35 AD3d 660 [2006]; *Blumenfeld v DeLuca,* 24 AD3d 405 [2005]). Accordingly, resolution of these issues must await further proceedings in the action. Rivera, J.P., Lifson, Santucci and Covello, JJ., concur.