■ THOMAS J. DEROSA, Appellant, v JOSEPHINE DEROSA, Respondent. [872 NYS2d 497]—

In an action, inter alia, for the partition of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Schack, J.), dated July 13, 2007, which granted the defendant's motion for summary judgment dismissing the complaint and for summary judgment on her counterclaim to acquire title to the subject property by adverse possession, and denied his cross motion for a judgment declaring that he had an undivided one-half interest in the property.

Ordered that order is affirmed, with a costs.

By deed dated August 3, 1954, the plaintiff, then the sole owner of the subject property, conveyed an undivided one-half interest in the property to his parents, Joseph DeRosa and Lillie DeRosa. At that time, the plaintiff resided on the premises with his parents and his three sisters, including the defendant. In or about the year 1969, the plaintiff moved out of the property and did not reside there again. By deed dated July 14, 1975, following the death of her husband, Lillie DeRosa conveyed her interest in the property to her daughter, the defendant, limited by a life estate to herself. After Lillie DeRosa died in 1983, the defendant continued to reside on the property. In 1985, the defendant encumbered the property with a mortgage, which was recorded.

By summons and complaint dated September 21, 2006, the plaintiff commenced the instant action against the defendant, inter alia, for the partition of the subject property. The defendant interposed a counterclaim claiming, among other things, that she acquired title to the property by adverse possession. The defendant subsequently moved for summary judgment dismissing the complaint and for summary judgment on her counterclaim to acquire title by adverse possession. The plaintiff cross-moved for a judgment declaring that he had an undivided one-half interest in the premises. The Supreme Court granted the defendant's motion for summary judgment, finding that she established the elements of adverse possession, and the court denied the plaintiff's cross motion. We affirm.

Following the death of Lillie DeRosa in 1983, the plaintiff and the defendant became cotenants of the subject property. Thus, contrary to the defendant's contention, she did not acquire title to the property by written instrument (the 1975 deed). A party seeking to obtain title to real property by adverse possession not based upon a written instrument must establish that the property was either "usually cultivated or improved" (RPAPL 522 [1]) or "protected by a substantial inclosure" (RPAPL 522 [2]). In addition, the party must demonstrate, by clear and convincing evidence, the common-law requirements of adverse possession: (1) that the possession was hostile and under claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period (see *Walling v Przybylo*, 7 NY3d 228, 232 [2006]; *Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 159 [1996]; *DuMaurier v Lindsay-Bushwick Assoc., L.P.*, 39 AD3d 460, 461 [2007]; *Hall v Sinclaire*, 35 AD3d 660, 662 [2006]).

Where, as here, the party claiming adverse possession is a tenant-in-common in exclusive possession, the statutory period required by RPAPL 541 is 20 years of continuous exclusive possession before a cotenant may acquire full title by adverse possession (see *Myers v Bartholomew*, 91 NY2d 630, 632 [1998]). RPAPL 541 creates a statutory presumption that a tenant in common in possession holds the property for the benefit of the cotenant (*id.; Russo Realty Corp. v Orlando*, 30 AD3d 499, 500 [2006]). "Absent ouster, a cotenant may begin to hold adversely only *after* 10 years of exclusive possession. RPAPL 541's statutory presumption, therefore, effectively requires 20 years—or two consecutive 10-year periods—of exclusive possession before a cotenant may be said to have adversely possessed a property owned by tenants-in-common" (*Myers v Bartholomew*, 91 NY2d at 634-635). This is because each cotenant has an equal right to

possess the premises as if they were the sole owner and "nonpossessory cotenants do not relinquish any of their rights as tenants-in-common when another cotenant assumes exclusive possession of the property" (*id.* at 633).

In support of her motion for summary judgment, the defendant established, prima facie, her entitlement to judgment dismissing the complaint and judgment on her counterclaim to acquire title by adverse possession. The defendant established that she resided exclusively at the premises for 10 years following the death of her mother in 1983 and that, for the next 10 years, she actually, openly and notoriously, exclusively and continuously possessed the property. Where, as here, the use of the property is open, notorious, and continuous for the full statutory period, a presumption of hostility under a claim of right arises (*see Katona v Low*, 226 AD2d 433, 434 [1996]; *see also Belotti v Bickhardt*, 228 NY 296 [1920]; *Wildove v Papa*, 223 App Div 211, 215 [1928]). In addition, the defendant satisfied her burden of proof of either usual cultivation or improvement by demonstrating activity which was "consistent with the property's character, location, condition and potential uses" (*Groman v Botar*, 228 AD2d 412, 413 [1996]).

In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact. Fisher, J.P., Dillon, McCarthy and Belen, JJ., concur.