■ NORMAN MICHAEL GOURDINE, as Executor of HARRY GOURDINE, Deceased, Appellant, v VILLAGE OF OSSINING et al., Respondents. [897 NYS2d 647]—

In an action pursuant to RPAPL article 15 to determine claims to real property, the plaintiff appeals from an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered October 19, 2007, which granted the separate motions of the defendants Village of Ossining, Mayor of the Village of Ossining, and Village of Ossining Board of Trustees and the defendants Cappelli Enterprises, Inc., Ginsburg Development Corp., and Harbor Square, LLC, for summary judgment dismissing the complaint insofar as asserted against each of them and denied his cross motion for summary judgment on the complaint.

Ordered that the order is affirmed, with one bill of costs.

A party seeking to obtain title to real property by adverse possession on a claim not based upon a written instrument, in accordance with the law in effect at the time this action was commenced (see RPAPL former 522; cf. L 2008, ch 269, § 5, as amended; Walsh v Ellis, 64 AD3d 702, 703-704 [2009]), "must show that the parcel was either 'usually cultivated or improved' or 'protected by a substantial inclosure' " (BTJ Realty, Inc. v Caradonna, 65 AD3d 657, 658 [2009], quoting RPAPL former 522 [1], [2]). Additionally, the party must satisfy the common-law requirement of demonstrating, by clear and convincing evidence, that the possession of the parcel was "(1) hostile and under claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the required period" (Walling v Przybylo, 7 NY3d 228, 232 [2006]; see Chion v Radziul, 62 AD3d 931, 932 [2009]; Goldschmidt v Ford St., LLC, 58 AD3d 803, 804 [2009]; Seisser v Eglin, 7 AD3d 505, 506 [2004]).

Here, all of the defendants established their prima facie entitlement to judgment as a matter of law by showing that the plaintiff's possession of the parcel was not hostile and under claim of right, or exclusive. Moreover, the defendants Cappelli Enterprises, Inc., Ginsburg Development Corp., and Harbor Square, LLC, established their prima facie entitlement to judgment as a matter of law by demonstrating that they claimed no right, title, or interest in the subject property (see McGahey v Topping, 255 AD2d 562, 563 [1998]; Berman v Golden, 131 AD2d 416, 418 [1987]). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d

320, 324 [1986]). Accordingly, the Supreme Court properly granted the defendants' respective motions for summary judgment dismissing the complaint, and denied the plaintiff's cross motion for summary judgment on the complaint. Mastro, J.P., Skelos, Eng and Roman, JJ., concur.