■ CLAUDETTE CALDER et al., Appellants, v 731 BERGAN, LLC, Respondent. [920 NYS2d 413]—

In an action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to certain real property, and for a judgment declaring that the plaintiffs are the owners of the subject property by adverse possession, the plaintiffs appeal from an order of the Supreme Court, Kings County (Kramer, J.), dated August 6, 2009, which (a) denied their motion to stay, among other things, all proceedings in an action entitled *731 Bergan, LLC v Calder*, pending in the Civil Court of the City of New York, Kings County, under index No. 55697/09, and enforcement of an order of the Civil Court dated April 24, 2009, denying their motion to restore to them possession of the disputed property, and (b), in effect, sua sponte, directed the dismissal of the instant complaint on the grounds of collateral estoppel and that the plaintiffs could not establish a claim of right to the disputed property.

Ordered that on the Court's own motion, the plaintiffs' notice of appeal from so much of the order dated August 6, 2009, as, in effect, sua sponte, directed dismissal of the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law and the facts, with costs, and the plaintiffs' motion for a stay is granted.

Contrary to the defendant's contentions, the plaintiffs are not collaterally estopped from litigating the issue of adverse possession in the Supreme Court. Collateral estoppel applies when (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits (*see Ryan v New York Tel. Co.*, 62 NY2d 494, 500-501 [1984]; *Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481, 485 [1979]; *Alamo v McDaniel*, 44 AD3d 149, 153 [2007]). Here, the plaintiffs did not have the opportunity to litigate the issue of adverse possession in the Civil Court of the City of New York.

The Supreme Court erred in determining that the plaintiffs failed to establish a claim of right to the disputed property. In order to establish a claim to land by adverse possession, the adverse claimant must establish that possession has been "adverse, under claim of right, open and notorious, continuous, exclusive, and actual" (RPAPL 501 [2]; *see Koudellou v Sakalis*, 29 AD3d 640 [2006]; *Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp.*, 192 AD2d 501, 503 [1993]). "A claim of right means a reasonable basis for the belief that the property belongs to the adverse possessor" (RPAPL 501 [3]). Here, the plaintiffs established a reasonable basis for their belief that they owned the disputed property by submitting an affidavit of the plaintiff Claudette Calder stating that they were advised that the disputed parcel was a part of the property they purchased from the United States Secretary of Housing and Urban Development in 1974.

Accordingly, the Supreme Court erred when it, in effect, sua sponte, directed dismissal of the complaint, and under the circumstances should have granted the stay sought by the plaintiffs. Rivera, J.P., Leventhal, Sgroi and Miller, JJ., concur.