■ In the Matter of DOROTHY SARA-LOUISE LEE, Deceased. SHIRLEY M. KINARD et al., Appellants; LOIS ROSENBLATT, Respondent. [946 NYS2d 621]—

In a probate proceeding in which an action pursuant to RPAPL article 15 to compel the determination of claims to real property was transferred from the Supreme Court, Queens County, to the Surrogate's Court, Queens County, Shirley M. Kinard and Alisa Dawn Johnson appeal from an order of the Surrogate's Court, Queens County (Kelly, S.), dated March 22, 2011, which granted Lois Rosenblatt's motion pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint.

Ordered that the order is reversed, on the law, with costs, and Lois Rosenblatt's motion to dismiss the amended complaint is denied.

According to the amended complaint, the subject residential premises was inherited in 1989 by the decedent, who was the cousin of Shirley M. Kinard and Alisa Dawn Johnson (hereinafter the plaintiffs). The decedent then abandoned the property. Johnson took possession of the premises in 1993, and her mother, Kinard, joined her in possession in August 2000. They never sought or had the express or implied permission or consent of the decedent to use or take possession of the premises. The plaintiffs continuously cultivated and improved the premises by cutting, pruning and maintaining grass and trees, planting flowers and installing a children's swing set in the back yard. They made improvements to the exterior of the house in the form of a new roof, chimney, and security doors, which were readily visible by casual observation. They paid all taxes on the property since 1993.

The decedent died on or about August 27, 2005, in Wisconsin. On or about February 22, 2010, Kinard commenced this action in the Supreme Court against Lois Rosenblatt, the Public Administrator, seeking a determination that Kinard obtained title to the premises via adverse possession. By order dated June 18, 2010, the Supreme Court, inter alia, granted the Public Administrator's cross motion to transfer the action to the Surrogate's Court. The Surrogate's Court subsequently granted Kinard leave to amend the complaint to add Johnson as a plaintiff. After the plaintiffs served the amended complaint, the

Public Administrator moved pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint. The Surrogate's Court granted the motion, determining that the plaintiffs failed to allege that they possessed the premises under a claim of right. The plaintiffs appeal, and we reverse.

In order to establish a claim to property by adverse possession, a plaintiff must prove, inter alia, that possession of the property was: (1) hostile and under a claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period (*see Walling v Przybylo*, 7 NY3d 228, 232 [2006]; *Belotti v Bickhardt*, 228 NY 296, 302 [1920]; *Walsh v Ellis*, 64 AD3d 702 [2009]; CPLR 212 [a]). In 2008, the Legislature enacted changes to the adverse possession statutes (*see* L 2008, ch 269). These changes included writing, for the first time, a statutory definition of "claim of right." Pursuant to RPAPL 501 (3), "[a] claim of right means a reasonable basis for the belief that the property belongs to the adverse possessor" (RPAPL 501 [3]; *see Calder v 731 Bergan, LLC*, 83 AD3d 758 [2011]). Here, however, since title allegedly vested in the plaintiffs in 2003, the law in effect prior to the amendments is applicable to their claim, and the new statutory definition of "claim of right" is not controlling (*see Hogan v Kelly*, 86 AD3d 590 [2011]).

Under the law as it existed at the time title allegedly vested in the plaintiffs, "in the absence of an overt acknowledgment during the statutory period that ownership rested with another party, actual knowledge of the true owner did not destroy the element of claim of right" (*Merget v Westbury Props., LLC*, 65 AD3d 1102, 1105 [2009]; *see Walling v Przybylo*, 7 NY3d at 232; *Hogan v Kelly*, 86 AD3d at 592; *Asher v Borenstein*, 76 AD3d 984, 986 [2010]). "The issue is 'actual occupation,' not subjective knowledge" (*Walling v Przybylo*, 7 NY3d at 233, quoting *Humbert v Rector, Churchwardens & Vestrymen of Trinity Church*, 24 Wend 587, 604 [1840]).

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the pleading is to be afforded a liberal construction (*see* CPLR 3026). The facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference and the court is to determine only whether the facts as alleged fit within any cognizable legal theory (*see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 303 [2001]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Thomas v LaSalle Bank N.A.*, 79 AD3d 1015 [2010]). "[A] court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint" (*Leon v Martinez*, 84 NY2d at 88; *see Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]).

The amended complaint, amplified by the affidavits of the plaintiffs, sufficiently alleged that their possession of the premises was actual, open and notorious, exclusive, and continuous for 10 years (see *Walling v Przybylo*, 7 NY3d at 232; CPLR 212 [a]), and further alleges the statutory element that the premises was "usually cultivated or improved" (RPAPL former 522). Since the plaintiffs were related by blood to the decedent, the element of hostile possession under a claim of right may not be presumed (see *Turner v Baisley*, 197 AD2d 681, 682 [1993]; *Wechsler v New York State Dept. of Envtl. Conservation*, 193 AD2d 856, 860 [1993]). However, the amended complaint, amplified by the affidavits, alleges that Johnson never had any communication with the decedent concerning her possession of the premises, that the plaintiffs never sought or gained the express or implied permission of the decedent to use or possess the premises, and that they never paid any rent to the decedent or otherwise compensated her for their possession of the premises. Under the pre-2008 standards applicable to the plaintiffs' claim, these allegations sufficiently allege that the plaintiffs' possession of the premises was hostile and under a claim of right, despite their failure to disavow knowledge that the decedent was the rightful owner of the premises (see *Walling v Przybylo*, 7 NY3d at 232; *Hogan v Kelly*, 86 AD3d at 592; *Asher v Borenstein*, 76 AD3d at 986; *Merget v Westbury Props., LLC*, 65 AD3d at 1105; see also *Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 159 n 2 [1996]; *Joseph v Whitcombe*, 279 AD2d 122, 126 [2001]).

The Public Administrator's remaining contentions are without merit.

Accordingly, the Public Administrator's motion to dismiss the amended complaint should have been denied. Dillon, J.P., Leventhal, Belen and Lott, JJ., concur.