■ TOLAKE CORPORATION, Appellant, v JOHN ALTOBELLO et al., Respondents. [950 NYS2d 394]—

In an action, inter alia, for a judgment declaring that the plaintiff is the owner of certain real property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Jamieson, J.), entered February 16, 2011, as denied that branch of its motion which was, in effect, for summary judgment declaring that it is the owner of the subject property and granted the defendants' cross motion, in effect, for summary judgment on their counterclaim declaring that they are the owners of the subject property by adverse possession.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Rockland County, for the entry of a judgment declaring that the defendants are the owners of the subject property by adverse possession.

The defendants are the owners of a parcel of real property in a lake community in Rockland County. For many years, they used a portion of an adjacent lot as a driveway and for other purposes as well. Several times over those years, they added gravel to the driveway, and in 1982 they erected a shed on it; pursuant to a permit, they installed electrical wiring in the shed. Eventually, the plaintiff corporation, which was the actual owner of the adjacent lot, including the portion onto which the defendants had encroached (hereinafter the disputed portion), commenced this action seeking, inter alia, a judgment declaring that it is the owner of the disputed portion. The defendants asserted a counterclaim seeking a judgment declaring that they are the owners of the disputed portion by adverse possession. The parties eventually agreed upon the facts. The plaintiff then moved, inter alia, in effect, for summary judgment declaring

that it was the owner of the disputed portion, and the defendants cross-moved, in effect, for summary judgment on their counterclaim declaring that they are the owners of the disputed portion by adverse possession. The Supreme Court denied that branch of the plaintiff's motion which was, in effect, for summary judgment declaring that it is the owner of the disputed portion and granted the defendants' cross motion. The plaintiff appeals.

To prevail on a claim of adverse possession, the defendants were required to establish that their possession of the disputed portion was "(1) hostile and under claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the required period" (*Asher v Borenstein*, 76 AD3d 984, 986 [2010] [internal quotation marks omitted]). Moreover, inasmuch as the defendants' claim was "under claim of title not written" (former RPAPL 522), the defendants were required to establish that they "usually cultivated or improved" the disputed portion or that they "protected [it] by a substantial inclosure" (former § 522 [2]; *see Asher v Borenstein*, 76 AD3d at 986).

The Supreme Court properly determined that the defendants acquired the disputed portion by adverse possession. The defendants' possession of the disputed portion for the 10-year statutory period (*see* former RPAPL 501 [2]) was actual, open and notorious, exclusive, and continuous for the required period. Moreover, given the undisputed facts as to those elements and the absence of any acknowledgment by the defendants *during the statutory period* that the disputed portion belonged to the plaintiff, an inference is drawn that the defendants' possession was hostile and under a claim of right (*see Walling v Przybylo*, 7 NY3d 228, 232 [2006]; *Merget v Westbury Props., LLC*, 65 AD3d 1102, 1104-1105 [2009]; *Gerlach v Russo Realty Corp.*, 264 AD2d 756, 757 [1999]). The Supreme Court properly rejected the plaintiff's contention that the possession was not hostile because the defendant John Altobello served on its Board of Directors for several years. John Altobello's service on the plaintiff's Board of Directors commenced after the 10-year statutory period had already run and thus was irrelevant. Moreover, the defendants' offer to purchase the disputed portion did not defeat their claim, because that offer was not made during the statutory period (*see Merget v Westbury Props., LLC*, 65 AD3d at 1104-1105). Finally, in light of the character, condition, location, and potential uses for the disputed portion, the defendants' use satisfied the requirement of usual cultivation or improvement (*see* former RPAPL 522 [1]; *Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 159-160 [1996]; *Asher v Borenstein*, 76 AD3d at

986-987; *Merget v Westbury Props., LLC*, 65 AD3d at 1104; *cf.* L 2008, ch 269).

The plaintiff's remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Rockland County, for the entry of a judgment declaring that the defendants are the owners of the subject property by adverse possession (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Balkin, J.P., Eng, Leventhal and Chambers, JJ., concur.