In an action pursuant to RFAFL article 15 to compel the determination of claims to real property, the defendant Mary Jean Galli appeals from (1) an order of the Supreme Court, Kings County (Schack, J.), dated June 27, 2012, which granted that branch of the plaintiffs motion which was for summary judgment on the complaint and denied her cross motion for summary judgment dismissing the complaint insofar as asserted against her, and (2) a judgment of the same court dated August 23, 2012, which, upon the order, determined that the plaintiff is vested with a 100% ownership interest in the subject real property in fee simple and that she has no interest in the subject real property, awarded the plaintiff costs, and awarded the plaintiff damages in an amount to be determined upon the report of a referee.
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the judgment is modified, on the law, by deleting from the fifth decretal paragraph thereof the words “an amount to be determined upon the report of a referee for his damages and” and the words “pursuant to CFLR § 4001”; as so modified, the judgment is affirmed; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
*680 The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
This is an action to compel the determination of claims to real property, pursuant to which the plaintiff, Robert Galli, seeks to quiet title to certain real property that has been owned by members of the Galli family since 1946. As of 1972, the plaintiff and his parents owned a 75% interest in the property and resided there. The plaintiffs uncle, Henry Galli (hereinafter Henry), who was married to the defendant Mary Jean Galli (hereinafter the defendant), owned the remaining 25%. Henry made no contribution to the maintenance of the property, and did not reside there. Henry died intestate in 2000, leaving the defendant as his surviving spouse. By 2005, following the death of his parents, the plaintiff was the sole owner of the 75% interest in the property he previously shared with his parents. In 2010, the plaintiff commenced this action to compel the determination of claims to the subject real property, seeking a determination that he is the owner of what was formerly Henry’s 25% interest in the property by adverse possession, in addition to his own 75% ownership interest. The plaintiff moved for summary judgment on the complaint, and the defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against her. In the order appealed from, the Supreme Court granted the motion and denied the cross motion. In the judgment appealed from, entered upon the order, the court determined that the plaintiff was vested with a 100% ownership interest in the subject property in fee simple and that the defendant had no interest in the property, and awarded the plaintiff damages and costs in an amount to be determined upon the report of a referee. The defendant appeals.
“Adverse possession must be proven by clear and convincing evidence” (Walling v Przybylo, 7 NY3d 228, 232 [2006]). “To establish a claim of adverse possession, the following five elements must be proved: Possession must be (1) hostile and under claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the required period” (id.; see Sprotte v Fahey, 95 AD3d 1103, 1104 [2012]; Kelly v Bastianic, 93 AD3d 691, 693 [2012]). “ ‘[A]n inference of hostile possession or a claim of right will be drawn [where] the other elements of adverse possession are established, unless, prior to the vesting of title, the party in possession has admitted that title belongs *681 to another’ ” (Merget v Westbury Props., LLC, 65 AD3d 1102, 1104-1105 [2009], quoting Gerlach v Russo Realty Corp., 264 AD2d 756, 757 [1999]; see Walling v Przybylo, 7 NY3d at 232). Moreover, under the law existing at the time title allegedly vested here, in the absence of an overt acknowledgment during the statutory period that ownership rested with another party, actual knowledge of the true owner, or co-owner as is the case here, did not destroy the element of claim of right (see Walling v Przybylo, 7 NY3d at 232; Merget v Westbury Props., LLC, 65 AD3d at 1105; cf. RPAPL 501 [3], as amended by L 2008, ch 269). “Where, as here, the party claiming adverse possession is a tenant-in-common in exclusive possession, the statutory period required by RPAPL 541 is 20 years of continuous exclusive possession before a cotenant may acquire full title by adverse possession” (DeRosa v DeRosa, 58 AD3d 794, 795 [2009]; see Myers v Bartholomew, 91 NY2d 630, 632 [1998]).
Here, in support of that branch of his motion which was for summary judgment, the plaintiff established, prima facie, by clear and convincing evidence, that his possession of the subject premises had been actual, open and notorious, exclusive, and continuous for the required 20-year period, giving rise to an inference of hostile possession or claim of right (see generally Walling v Przybylo, 7 NY3d at 232; Merget v Westbury Props., LLC, 65 AD3d at 1104-1105; DeRosa v DeRosa, 58 AD3d at 796; Gerlach v Russo Realty Corp., 264 AD2d at 757). Thus, the plaintiff established, prima facie, that he had acquired, by adverse possession, the 25% interest in the property previously owned by Henry, which the defendant, to the contrary, argues had actually passed to her through intestate succession. In opposition to the plaintiffs prima facie showing, the defendant failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted that branch of the plaintiff’s motion which was for summary judgment on the complaint, and properly denied the defendant’s cross motion for summary judgment dismissing the complaint insofar as asserted against her.
However, the plaintiff did not seek or establish any basis for an award of damages. Accordingly, the Supreme Court improperly awarded damages to the plaintiff in an amount to be determined upon the report of a referee.
Balkin, J.E, Dickerson, Roman and Miller, JJ., concur.