■ SANDRA J. MIDGLEY, Respondent, v CHARLES L. PHILLIPS et al., Defendants, and ROBERT E. SAYRE et al., Appellants. [39 NYS3d 62]—

In an action pursuant to RPAPL article 15 for the determination of claims to real property, the defendants Robert Sayre, Donald Sayre, and Robert E. Sayre and Donald R. Sayre, as co-executors of the estate of Diane Slavonik, appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Suffolk County (Asher, J.), dated April 12, 2013, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against them, and (2) so much of an order of the same court dated October 15, 2013, as, upon reargument, adhered to its original determination in the order dated April 12, 2013, granting that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against them.

Ordered that the appeal from the order dated April 12, 2013, is dismissed, as the portion of the order appealed from was superseded by the order dated October 15, 2013, made upon reargument; and it is further,

Ordered that the order dated October 15, 2013, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the defendants Robert Sayre, Donald Sayre, and Robert E. Sayre and Donald R. Sayre, as co-executors of the estate of Diane Slavonik.

The plaintiff's decedent, William S. Midgley, Jr. (hereinafter Midgley, Jr.), commenced this action to quiet title to a 10.226-acre farm located in Peconic. Midgley, Jr., alleged that the property was owned by his father, William S. Midgley, Sr. (hereinafter Midgley, Sr.), until his death on October 12, 1970. Midgley, Sr., left his estate, in equal parts, to Midgley, Jr., and a man named Robert E. Sayre, Sr. (hereinafter Sayre, Sr.). Midgley, Jr., claimed that, in 1971, Sayre, Sr., refused to participate in the operation or maintenance of the property and that Midgley, Jr., exclusively possessed and operated the property from that point forward. Midgley, Jr., paid the real estate taxes on the property and leased the property to various farmers and a nursery. All rents from these tenants were paid to Midgley, Jr. Midgley, Jr., farmed the property, growing rye, during the years that he could not find a suitable tenant. Sayre, Sr., died in 2005. In 2009, Midgley, Jr., commenced this action, alleging that he had become the sole lawful owner of the property by adverse possession and, therefore, was entitled to a judgment barring any claim to the property by, among others, the heirs of Sayre, Sr.

Midgley, Jr., moved, inter alia, for summary judgment on the complaint, and the motion was opposed by, among others, the defendants Robert Sayre, Donald Sayre, and Robert E. Sayre and Donald R. Sayre, as co-executors of the estate of Diane Slavonik (hereinafter collectively the Sayre defendants). In an order dated April 12, 2013, the Supreme Court granted that branch of the motion of Midgley, Jr., which was for summary judgment. The Sayre defendants moved for reargument. In an order dated October 15, 2013, the Supreme Court granted reargument and, upon reargument, adhered to its prior determination. The Sayre defendants appeal.

"Adverse possession must be proven by clear and convincing evidence" (*Walling v Przybylo*, 7 NY3d 228, 232 [2006]). "To establish a claim of adverse possession, the following five elements must be proved: Possession must be (1) hostile and under claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the required period" (*id.* at 232; *see Galli v Galli*, 117 AD3d 679, 680 [2014]; *Sprotte v Fahey*, 95 AD3d 1103, 1104 [2012]; *Kelly v Bastianic*, 93 AD3d 691, 693 [2012]). " '[A]n inference of hostile possession or a claim of right will be drawn [where] the other elements of adverse possession are established, unless, prior to the vesting of title, the party in possession has admitted that title belongs to another' " (*Merget v Westbury Props., LLC*, 65 AD3d 1102, 1104-1105 [2009], quoting *Gerlach v Russo Realty Corp.*, 264 AD2d 756, 757 [1999]; *see Walling v Przybylo*, 7 NY3d at 232; *Galli v Galli*, 117 AD3d at 680-681). Under the law existing at the time title allegedly vested here, in the absence of an overt acknowledgment during the statutory period that ownership rested with another party, actual knowledge of the true owner, or co-owner as is the case here, did not destroy the element of claim of right (*see Walling v Przybylo*, 7 NY3d at 232; *Galli v Galli*, 117 AD3d at 681; *Merget v Westbury Props., LLC*, 65 AD3d at 1105; *cf.* RPAPL 501 [3], as amended by L 2008, ch 269). "Where . . . the party claiming adverse possession is a tenant-in-common in exclusive possession, the statutory period required by RPAPL 541 is 20 years of continuous exclusive possession before a cotenant may acquire full title by adverse possession" (*DeRosa v DeRosa*, 58 AD3d 794, 795 [2009]; *see Myers v Bartholomew*, 91 NY2d 630, 632 [1998]; *Galli v Galli*, 117 AD3d at 681).

Here, Midgley, Jr., established his prima facie entitlement to judgment as a matter of law by demonstrating, by clear and convincing evidence, that his possession of the premises during the period from 1971 to 1991 was actual, open and notorious,

exclusive, and continuous (*see Galli v Galli*, 117 AD3d at 681). He met his burden through the submission of, inter alia, the affidavits of several tenants who rented the farm and dealt exclusively with Midgley, Jr., during the relevant time period. Further, Midgley, Jr., established that he and his tenants " 'usually cultivated or improved' " the property by using it as an active farm and in a manner that was "consistent with the property's character, location, condition and potential uses" (*Groman v Botar*, 228 AD2d 412, 412-413 [1996], quoting former RPAPL 522 [1]; *see Birnbaum v Brody*, 156 AD2d 408, 409 [1989]).

In opposition to that prima facie showing, the Sayre defendants failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Donald Sayre's claim that Midgley, Jr., approached him in 2008 and asked him to "sign over" his interest in the property is insufficient to raise a triable issue of fact. Since title to the property fully vested in Midgley, Jr., in 1991, he was free "to fortify that title in any way [he] pleased, and [asking a potential claimant for a quitclaim deed] could not destroy that which had become perfected" (*Knapp v City of New York*, 140 App Div 289, 297 [1910]). Similarly, Robert Sayre's claim that the attorney representing Midgley, Jr., told him in 2009 that the Sayre defendants "were entitled to receive something for [their] interests" was insufficient to raise a triable issue of fact.

Accordingly, upon reargument, the Supreme Court properly adhered to its prior determination granting that branch of the motion of Midgley, Jr., which was for summary judgment on the complaint insofar as asserted against the Sayre defendants. Leventhal, J.P., Maltese, Barros and Connolly, JJ., concur.