SLC Coram, LLC v 543 Middle Country Rd. Realty, LLC (2018 NY Slip Op 03723)





SLC Coram, LLC v 543 Middle Country Rd. Realty, LLC


2018 NY Slip Op 03723


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2016-12128
 (Index No. 67141/14)

[*1]SLC Coram, LLC, appellant, 
v
543 Middle Country Road Realty, LLC, respondent.


Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale, NY (Jeffrey A. Miller and David Gise of counsel), for appellant.
Johnathan Cartelli, P.C., Middle Village, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated August 25, 2015. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on its cause of action to recover real property and for summary judgment dismissing the defendant's counterclaim alleging adverse possession.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On October 1, 2012, the plaintiff became the titled owner of the property located at 541 Middle Country Road in Coram (hereinafter the 541 Property), which is adjacent to the property located at 543 Middle Country Road in Coram (hereinafter the 543 Property). The plaintiff had a survey taken on January 7, 2014, which showed that the owner of the 543 Property had encroached on a certain area of the 541 Property by paving, installing a fence, and putting a shed on the area. The president of the defendant, Michael Dominici, asserted in an affidavit that when he became the titled owner of the 543 Property in 1985, the paving and fence were already present, leading him to believe the disputed portion of the property belonged to the defendant. Dominici admitted that on August 18, 1990, he received a letter dated August 15, 1990, from the lawyer for the plaintiff's predecessor-in-interest confirming a telephone call on August 13, 1990 (hereinafter together the 1990 letter and call), in which the lawyer notified Dominici of the encroachment and demanded that he vacate the disputed portion of the property or agree to a lease. Dominici further stated in his affidavit that he awaited further communication with proof of the claims. No further actions were taken with regard to the encroachment until 2014, when the plaintiff's counsel sent Dominici a letter notifying him of the encroachment and warning of the commencement of an action to recover the disputed portion of the property if an agreement could not be reached. In September 2014, the plaintiff commenced this action to recover real property and damages for trespass. The defendant answered and asserted a counterclaim alleging adverse possession. The plaintiff moved for summary judgment on its cause of action to recover real property and dismissing the defendant's counterclaim. The defendant cross-moved for summary judgment on its counterclaim. The Supreme Court denied the plaintiff's motion on the ground that the complaint was time-barred. Although the court stated that [*2]the defendant was entitled to summary judgment on its counterclaim, the court denied the defendant's cross motion with leave to renew upon proof of the metes and bounds. The plaintiff appeals from the denial of its` motion. We affirm.
The plaintiff contends that the 1990 letter and call notifying Dominici of the encroachment and demanding that he vacate the disputed portion of the property was sufficient to defeat any claim of right, which is a required element of a claim of adverse possession.
In 2008, the Legislature enacted sweeping amendments to the provisions of the RPAPL that address claims of adverse possession (see L 2008, ch 269, § 5). Included in the amendments was a new definition of what "under claim of right" means. RPAPL 501(3) states that "[a] claim of right means a reasonable basis for belief that the property belongs to the adverse possessor or property owner as the case may be." However, the 2008 amendments to the adverse possession statutes contained in RPAPL article 5 (see id.) are not applicable where, as here, the alleged adverse possessor's property right, as alleged, vested prior to the enactment of those amendments (see Galchi v Garabedian, 105 AD3d 700; Pakula v Podell, 103 AD3d 864; Matter of Lee, 96 AD3d 941; Sprotte v Fahey, 95 AD3d 1103; Shilkoff v Longhitano, 94 AD3d 974; Hogan v Kelly, 86 AD3d 590; see also Barra v Norfolk S. Ry. Co., 75 AD3d 821; Franza v Olin, 73 AD3d 44, 47).
Under the pre-amendment law, in order to establish a claim to property by adverse possession, a claimant must prove, by clear and convincing evidence, that possession of the property was (1) hostile and under a claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the required period (see Walling v Przybylo, 7 NY3d 228, 232; Belotti v Bickhardt, 228 NY 296, 302; Hogan v Kelly, 86 AD3d 590; Bratone v Conforti-Brown, 79 AD3d 955, 957; Asher v Borenstein, 76 AD3d 984, 986; Gourdine v Village of Ossining, 72 AD3d 643). While adverse possession is not a favored method of procuring title to real property, it is both a necessary and recognized method of acquiring title (see Walling v Przybylo, 7 NY3d at 233). Further, under the law existing at the time the adverse possession by the defendant occurred, in order to defeat the claim of right, actual knowledge by the possessor as to who was the true owner was insufficient; an overt acknowledgment during the statutory period that ownership rested with another party was required (see id. at 232-233; Midgley v Phillips 143 AD3d 788; Galli v Galli, 117 AD3d 679; Tolake Corp. v Altobello, 98 AD3d 734; Matter of Lee, 96 AD3d 941; Kelly v Bastianic, 93 AD3d 691; Hogan v Kelly, 86 AD3d 590; Asher v Borenstein, 76 AD3d 984; Merget v Westbury Props., LLC, 65 AD3d 1102). Here, there was no "overt acknowledgment" by Dominici that ownership rested with another party.
Accordingly, we agree with the Supreme Court's denial of the plaintiff's motion.
MASTRO, J.P., DILLON, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court