169 MLS Realty Corp. v One 69 Skill Corp. (2021 NY Slip Op 04898)





169 MLS Realty Corp. v One 69 Skill Corp.


2021 NY Slip Op 04898


Decided on September 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-04999
 (Index No. 21334/12)

[*1]169 MLS Realty Corp., plaintiff, Louis A. Anginone, et al., appellants, 
v
One 69 Skill Corporation, respondent, et al., defendants.


John M. Daly, Yonkers, NY (Mitchell Gittin of counsel), for appellants.
Ginsburg & Misk, LLP, Queens Village, NY (Christopher Ryan Clarke of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for partition of certain real property, the plaintiffs Louis A. Anginone, Peter Cutrone, Roberta Loranger, Elizabeth Fuchs, as executor of the estate of Teresa Mizzo, also known as Teresa Louise Mizzo, Rebecca Rang, and Mia Scala-Beltran, as administrator of the estate of Mildred Scala, appeal from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated February 22, 2019. The order, insofar as appealed from, denied that branch of those plaintiffs' motion which was for summary judgment dismissing the counterclaim of the defendant One 69 Skill Corporation alleging adverse possession.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff 169 MLS Realty Corporation commenced this action against, among others, the defendant One 69 Skill Corporation (hereinafter the defendant), seeking, inter alia, a judgment declaring that it is a tenant in common to an undivided 25% interest in a certain three-family dwelling located in Brooklyn and for partition of that property. Louis A. Angione, Peter Cutrone, Roberta Loranger, Teresa Louise Mizzo, Rebecca Rang, and Mildred Scala (hereinafter collectively the intervenors) were granted leave to intervene in the action as plaintiffs. The intervenors alleged that they are heirs at law and tenants in common to the property, with a cumulative 43.75% interest, and they also sought, inter alia, a partition of the property. As relevant to this appeal, the defendant asserted a counterclaim seeking a determination that its predecessor in interest, Lena Tedeschi, had acquired title to the property by adverse possession.
The intervenors moved, inter alia, for summary judgment dismissing the defendant's counterclaim alleging adverse possession. The intervenors asserted that their common ancestor and predecessor in interest, Louisa Calamita, and her husband, Pietro Calamita, acquired title to the property by deed dated August 3, 1928, that the property subsequently passed by operation of law to Louisa Calamita when Pietro Calamita predeceased her, and that, upon Louisa Calamita's death in 1937, the property passed by operation of law to Louisa Calamita's four surviving children, Blanche Tedeschi, Armida Anginoni, Maria Calbo, and Sabino Anginoni. Blanche Tedeschi, who is the mother of Lena Tedeschi, died intestate in 1983. The intervenors further asserted that, subsequently, upon the respective deaths of Louisa Calamita's four surviving children, the property [*2]was passed by operation of law to each of their respective surviving heirs, including Lena Tedeschi and the intervenors, as tenants in common. The Supreme Court denied that branch of the intervenors' motion which was for summary judgment dismissing the defendant's adverse possession counterclaim, and this appeal ensued.
"Under the common law, tenants-in-common have long been afforded a measure of extra protection from adverse possession claims asserted by their cotenants. In a tenancy- in-common, each cotenant has an equal right to possess and enjoy all or any portion of the property as if the sole owner. Consequently, nonpossessory cotenants do not relinquish any of their rights as tenants-in-common when another cotenant assumes exclusive possession of the property" (Myers v Bartholomew, 91 NY2d 630, 632-633). "In New York, nonpossessory cotenants are protected . . . by a common-law rule that presumes a cotenant's possession is possession by and for the benefit of all other cotenants" (id. at 633). This common-law rule is codified in RPAPL 541. The statute, however, also limits the presumption by providing that it "shall cease after the expiration of ten years of continuous exclusive occupancy by such tenant, personally or by his [or her] servant or by his [or her] tenant, or immediately upon an ouster by one tenant of the other and such occupying tenant may then commence to hold adversely to his [or her] cotenant" (id.).
"To establish a claim of adverse possession, the occupation of the property must be (1) hostile and under a claim of right (i.e., a reasonable basis for the belief that the subject property belongs to a particular party), (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period" (Estate of Becker v Murtagh, 19 NY3d 75, 81; see RPAPL 501[2]; Walling v Przybylo, 7 NY3d 228, 232).
Here, the intervenors failed to demonstrate, prima facie, that the defendant's predecessor in interest, Lena Tedeschi, did not acquire title to the property by adverse possession. It is not disputed that Lena Tedeschi inherited an interest in the property from her mother, Blanche Tedeschi, in 1983. The intervenors' evidence demonstrates that it was their "understanding" that the interest in the property was shared with the entire family. The intervenors, however, did not establish that, prior to her transfer of the property to the defendant's grantors, Lena Tedeschi was not in continuous, exclusive occupancy of the property for a period of 10 years such that the presumption of nonadverse possession had ceased, or that, thereafter, she was not in continuous, exclusive, hostile, and uninterrupted possession of the property for the relevant statutory period (see Myers v Bartholomew, 91 NY2d at 634-635; cf. DeRosa v DeRosa, 58 AD3d 794, 796). Since the intervenors failed to make a prima facie showing of entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324), the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing the defendant's adverse possession counterclaim without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853)
RIVERA, J.P., DUFFY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court