Vassilakos v Vassilakos (2024 NY Slip Op 03070)

Vassilakos v Vassilakos

2024 NY Slip Op 03070

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-05402
 (Index No. 505639/16)

[*1]Stella Vassilakos, et al., appellants, 
v
William Vassilakos, respondent, et al., defendants.

Charles E. Boulbol, P.C., New York, NY, for appellants.
Bittiger Elias Triolo & Diehl P.C., New York, NY (Robert A. Diehl of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property and for the partition of real property, the plaintiffs appeal from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated April 30, 2020. The order, insofar as appealed from, denied the plaintiffs' motion for summary judgment on the complaint and dismissing the affirmative defenses and counterclaims of the defendant William Vassilakos.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2016, the plaintiffs commenced this action against, among others, their brother, the defendant William Vassilakos (hereinafter the defendant), seeking, inter alia, a judgment declaring that the plaintiffs are tenants in common with a cumulative 40% interest in certain real property located in Brooklyn, to quiet title to the property, and for the partition of the property. The defendant interposed an answer and asserted various affirmative defenses and counterclaims, including that he had acquired sole title to the property by adverse possession. The plaintiffs moved for summary judgment on the complaint and dismissing the defendant's affirmative defenses and counterclaims. In an order dated April 30, 2020, the Supreme Court, among other things, denied the plaintiffs' motion. The plaintiffs appeal.
"To obtain summary judgment in an action to quiet title pursuant to RPAPL article 15, the movant must establish, prima facie, that it holds title, or that the nonmovant's title claim is without merit" (X & Y Dev. Group, LLC v Epic Tower, LLC, 196 AD3d 732, 733). Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law by submitting, inter alia, evidence that the plaintiffs each acquired an interest in the property as tenants in common upon the death of their father intestate in 1988, and thereafter, they each acquired an additional interest in the property as tenants in common upon the death of the their mother intestate in 2004 (see EPTL 4-1.1, 6-2.2[f]; Arlo 67, LLC v Doyle, 201 AD3d 689, 691).
In opposition, the defendant raised a triable issue of fact as to his ownership interests and the plaintiffs' ownership interests in the property with evidence that he acquired sole title to the property by adverse possession. "To establish a claim of adverse possession, the occupation of the property must be (1) hostile and under a claim of right (i.e., a reasonable basis for the belief that the [*2]subject property belongs to a particular party), (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period (at least 10 years)" (Estate of Becker v Murtagh, 19 NY3d 75, 81). However, "[w]here, as here, the party claiming adverse possession is a tenant-in-common in exclusive possession, the statutory period required by RPAPL 541 is 20 years of continuous exclusive possession before a cotenant may acquire full title by adverse possession" (DeRosa v DeRosa, 58 AD3d 794, 795; see RPAPL 541; Myers v Bartholomew, 91 NY2d 630, 632).
Here, the defendant's opposition included, among other things, evidence that he has exclusively maintained and controlled the property since 1988, that the plaintiff Stella Vassilakos believed the defendant to be the sole owner of the property, and that the plaintiff Peter Vassilakos collected rental checks for the property that were deposited in the defendant's name alone. This evidence raised a triable issue of fact as to whether the defendant acquired sole title to the property by adverse possession (see Belli v Paul Belli, LLC, 205 AD3d 669, 671; Midgley v Phillips, 143 AD3d 788, 790-791).
Accordingly, the Supreme Court properly denied the plaintiffs' motion for summary judgment on the complaint and dismissing the defendant's affirmative defenses and counterclaims.
The remaining contentions of the plaintiffs and the defendant need not be addressed in light of our determination.
BARROS, J.P., CHAMBERS, DOWLING and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court