■ ANITA VAN GORDER et al., Respondents, v MASTERPLANNED, INC., et al., Appellants, et al., Defendants.—Weiss, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered February 7, 1989 in Ulster County, which granted plaintiffs' motion for summary judgment.

The complaint in this action to quiet title to real property in the Town and County of Ulster *(see,* RPAPL art 15) alleges that plaintiffs acquired title to a parcel of land from the Town

of Ulster Post No. 1748 American Legion, Department of New York, Inc. (hereinafter American Legion) on November 27, 1972. In 1974, plaintiffs constructed a building with several amenities in conformance with the conditions and requirements imposed in the building permit issued by the Town of Ulster. Defendant Morris Back, who was associated with defendant Masterplanned, Inc. (hereinafter the Corporation), a domestic corporation which was dissolved by proclamation of the Secretary of State on December 15, 1965, visited with plaintiffs on Thanksgiving Day in November 1981 and claims that he told plaintiffs they had built upon land owned by him. A survey dated May 17, 1984 disclosed that the property had been erroneously described in both the deeds to the American Legion and from the American Legion to plaintiffs. Nothing further occurred until plaintiffs commenced this action on or about August 5, 1985.

All defendants except the Corporation have defaulted. In its answer (verified by Back), the Corporation admits that plaintiffs received a deed from the American Legion, but contends that the description varies from that described in an exhibit attached to the complaint. The counterclaim alleges that the American Legion never had title to the parcel described in its deed to plaintiffs; rather, that the Corporation was and has been the fee owner of the subject parcel. A second counterclaim alleges that plaintiffs' possession has not been continuous, uninterrupted and/or hostile and that in 1981 plaintiffs admitted that they had no ownership, interest or estate in the land. Supreme Court granted plaintiffs' motion for summary judgment holding that defendants failed to oppose the motion with proof in evidentiary form and that Back had failed to establish he had a legitimate claim of title upon which his opposition to the motion was based. This appeal followed.

One seeking to acquire title by adverse possession must establish that such possession and occupation has been actual, hostile and under a claim of right, open and notorious, exclusive and continuous for the statutory 10-year period (see, Brand v Prince, 35 NY2d 634, 636; Gewirtz v Gelsomin, 69 AD2d 992; 2 NY Jur 2d, Adverse Possession, § 6, at 310; see also, RPAPL 511). Adverse possession must be established by the stringent and demanding standard of clear and convincing proof (see, Rusoff v Engel, 89 AD2d 587).

Here, where plaintiffs' entry was based upon a written instrument believed to have been a conveyance of the premises in question followed by continuous occupation and possession for more than 10 years under the same claim, the

premises are deemed to have been held adversely (see, RPAPL 511). Because a building, septic system, well, parking lot, driveways and garage were all erected by plaintiffs, hostility is presumed and the burden shifted to the record owner to produce evidence rebutting the presumption of adversity (see, City of Tonawanda v Ellicott Cr. Homeowners Assn., 86 AD2d 118, 121). The Corporation's proof in opposition to the motion consists of an affidavit by Back claiming to be a surviving officer of a dissolved corporation and the hearsay affidavit of one of his attorneys, which, itself, is insufficient (see, Zuckerman v City of New York, 49 NY2d 557, 562).* Even with every reasonable inference given Back's version of the November 1981 conversation, the proof demonstrates that plaintiffs made no concession regarding a lack of title; rather, their possession and occupancy had been and continued to be open, hostile and adverse (see, Van Valkenburgh v Lutz, 304 NY 95, 99; City of Tonawanda v Ellicott Cr. Homeowners Assn., supra, at 123). No challenge to plaintiffs' claim to title and adverse possession was made until the Corporation's answer in this action, well beyond the statutory 10-year period by which time plaintiffs' title had ripened. In light of the proof submitted by plaintiffs, the Corporation was required to make an evidentiary showing that a factual issue pertained. The Corporation has failed to demonstrate that its contentions are real and capable of being established at trial (see, Zuckerman v City of New York, 49 NY2d 557, supra; World Trade Knitting Mills v Lido Knitting Mills, 154 AD2d 99; Hasbrouck v City of Gloversville, 102 AD2d 905, affd 63 NY2d 916), and, accordingly, plaintiffs were entitled to summary judgment.

Judgment affirmed, with costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.

---

* Although Back is included as an appellant, only the Corporation appeared and all other defendants are in default. Back's claim to be owner of the disputed parcel by virtue of an unrecorded, lost deed has no merit and need not be addressed. We note that this claim advanced by Back in his affidavit is inconsistent with the Corporation's answer which was verified by Back.