Jasopersaud v Lewis (2023 NY Slip Op 06242)

Jasopersaud v Lewis

2023 NY Slip Op 06242

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2021-03862
 (Index No. 706539/20)

[*1]Jainarine Jasopersaud, appellant, 
v
David L. Lewis, et al., respondents, et al., defendants.

Leavitt, Kerson & Sehati, Forest Hills, NY (Paul E. Kerson and Marc C. Leavitt of counsel), for appellant.
Bronster, LLP, New York, NY (Don Abraham of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, in effect, for a judgment declaring that the plaintiff is the owner of certain real property by adverse possession, and pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Donna-Marie E. Golia, J.), entered May 7, 2021. The order granted the motion of the defendants David L. Lewis, IRM Cap, LLC, SFT3, LLC, QNS 306, LLC, and GW3, LLC, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants David L. Lewis, IRM Cap, LLC, SFT3, LLC, QNS 306, LLC, and GW3, LLC, which was pursuant to CPLR 3211(a) to dismiss the cause of action, in effect, for a judgment declaring that the plaintiff is the owner of certain real property by adverse possession insofar as asserted against them, and adding thereto a provision deeming that branch of the motion to be for a judgment declaring that the plaintiff is not the owner of the property by adverse possession, and thereupon granting that branch of the motion; as so modified, the order is affirmed, with costs to the defendants David L. Lewis, IRM Cap, LLC, SFT3, LLC, QNS 306, LLC, and GW3, LLC, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the plaintiff is not the owner of the property by adverse possession.
In 2006, the defendant David L. Lewis, as seller, and the plaintiff, Jainarine Jasopersaud, as buyer, entered into a contract of sale for real property located in East Elmhurst (hereinafter the property) for the amount of $150,000.
In June 2020, the plaintiff commenced this action, inter alia, to recover damages for breach of contract, in effect, for a judgment declaring that the plaintiff is the owner of the property by adverse possession, and pursuant to RPAPL article 15 to quiet title to real property against, among others, David L. Lewis, IRM CAP, LLC, SFT3, LLC, QNS 306, LLC, and GW3, LLC (hereinafter collectively the defendants). The defendants moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them. The Supreme Court granted the defendants' motion, and the plaintiff appeals.
"On a motion to dismiss pursuant to CPLR 3211(a)(7), 'the standard is whether the pleading states a cause of action'" (Houtenbos v Fordune Assn., Inc., 200 AD3d 662, 663, quoting [*2]Sokol v Leader, 74 AD3d 1180, 1180-1181). "In considering such a motion, the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Sokol v Leader, 74 AD3d at 1181 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88). "Where evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Garcia v Shah, 206 AD3d 626, 629 [internal quotation marks omitted]; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
"The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (Fernandez v Abatayo, 172 AD3d 821, 822 [internal quotation marks omitted]). Here, the plaintiff does not have a cause of action to recover damages for breach of the contract because the conditions precedent to the contract of sale have not been met, so no breach occurred (see Hymowitz v Nguyen, 209 AD3d 997, 1001; Witty v 1725 Fifth Ave. Corp., 170 AD3d 781, 783-784).
"To maintain an equitable quiet title claim, a plaintiff must allege actual or constructive possession of the property and the existence of a removable cloud on the property, which is an apparent title, such as in a deed or other instrument, that is actually invalid or inoperative" (Acocella v Wells Fargo Bank, N.A., 139 AD3d 647, 649; see RPAPL 1515). The amended complaint failed to state a cause of action to quiet title because it failed to allege that a cloud existed on the property that entitled the plaintiff to quiet title, or that the plaintiff had a title or deed to the property (see Acocella v Wells Fargo Bank, N.A., 139 AD3d at 649).
Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging breach of contract and pursuant to RPAPL article 15 to quiet title to real property insofar as asserted against them.
Further, the plaintiff was not entitled to a judgment declaring that the plaintiff is the owner of the property by adverse possession. "[I]n order to establish a claim to property by adverse possession, a claimant must prove, by clear and convincing evidence, that possession of the property was '(1) hostile and under [a] claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the required period'" (Salzberg v Sena, 204 AD3d 853, 856, quoting Walling v Przybylo, 7 NY3d 228, 232; see Bratone v Conforti-Brown, 150 AD3d 1068, 1070). To possess property under a claim of right under the common law, an individual must assert a right to the property "'that is adverse to the title owner and also in opposition to the rights of the true owner'" (Salzberg v Sena, 204 AD3d at 856, quoting Estate of Becker v Murtaugh, 19 NY3d 75, 81 [internal quotation marks omitted]; see Bratone v Conforti-Brown, 150 AD3d at 1071). Here, the plaintiff's permissive possession of the property negated the element of hostility (see Salzberg v Sena, 204 AD3d at 857; MJK Bldg. Corp. v Fayland Realty, Inc., 181 AD3d 860, 861; Bratone v Conforti-Brown, 150 AD3d at 1071).
"[U]pon a motion to dismiss for failure to state a cause of action, a court may reach the merits of a properly pleaded cause of action for a declaratory judgment where no questions of fact are presented [by the controversy]. Under such circumstances, the motion to dismiss the cause of action for failure to state a cause of action should be treated as one seeking a declaration in [the] defendant's favor and treated accordingly" (Neuman v City of New York, 186 AD3d 1523, 1525 [citations and internal quotation marks omitted]; see O'Donnell & Sons, Inc. v New York State Dept. of Taxation & Fin., 193 AD3d 1063, 1064-1065). Applying these principles here, the defendants are entitled to a declaration in their favor on the cause of action sounding in adverse possession. Accordingly, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the plaintiff is not the owner of the property by adverse possession.
The plaintiff's remaining contentions are without merit.
DUFFY, J.P., IANNACCI, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court