Kagan v Kropp (2024 NY Slip Op 03474)

Kagan v Kropp

2024 NY Slip Op 03474

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-07699
 (Index No. 606683/21)

[*1]Jeffrey W. Kagan, et al., appellants, 
v
James D. Kropp, et al., respondents.

Law Offices of David A. Antwork, P.C., Merrick, NY, for appellants.
Glynn Mercep Purcell & Morrison, LLP, Stony Brook, NY (A. Craig Purcell and Shannon L. Malone of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiffs are the owners of certain real property by adverse possession, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), dated September 15, 2022. The order granted the defendants' motion for summary judgment dismissing the complaint and, in effect, declaring that the plaintiffs are not the owners of the subject property by adverse possession and denied the plaintiffs' cross-motion for summary judgment on the complaint.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the plaintiffs are not the owners of the subject property by adverse possession.
The plaintiffs and the defendants own adjacent properties located at 52 and 54 Crestwood Lane, respectively, in Farmingville. Before the plaintiffs purchased their property in 1970, the defendants' predecessors in interest had erected a chain link fence between 52 and 54 Crestwood Lane and had planted trees on either side of the fence. The defendants purchased their property in 2012. A survey they obtained at that time indicated that their property line extended up to 7.6 feet beyond the chain link fence. The area between the fence and the property line (hereinafter the disputed area) was mostly covered by the trees that had been planted near the fence, except for a small area in the front yard.
When the defendants announced their intention to remove the trees and install a retaining wall, the plaintiffs commenced the instant action for a judgment declaring that they are the owners of the disputed area by adverse possession and for related injunctive relief. Upon completion of discovery, the defendants moved for summary judgment dismissing the complaint and, in effect, declaring that the plaintiffs are not the owners of the disputed area by adverse possession, and the plaintiffs cross-moved for summary judgment on the complaint. In an order dated September 15, 2022, the Supreme Court granted the defendants' motion and denied the plaintiffs' cross-motion. The plaintiffs appeal.
While the statutes governing adverse possession were amended in 2008 (see L 2008, ch 269, § 5), those amendments are not applicable here, since, as alleged, the plaintiffs' claimed [*2]property rights vested prior to the enactment of those amendments (see Salzberg v Sena, 204 AD3d 853, 856; SLC Coram, LLC v 543 Middle Country Rd. Realty, LLC, 161 AD3d 1122, 1123). Under the pre-amendment law, in order to establish a claim to property by adverse possession, a claimant must prove, by clear and convincing evidence, that possession of the property was "(1) hostile and under [a] claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the required period" (Walling v Przybylo, 7 NY3d 228, 232; see SLC Coram, LLC v 543 Middle Country Rd. Realty, LLC, 161 AD3d at 1123-1124). "In addition, where, as here, the claim of right is not founded upon a written instrument, the party asserting title by adverse possession must establish that the land was 'usually cultivated or improved' or 'protected by a substantial inclosure'" (Estate of Becker v Murtagh, 19 NY3d 75, 81, quoting RPAPL former 522; see Salzberg v Sena, 204 AD3d at 856).
Initially, contrary to the Supreme Court's conclusion, a letter written by the plaintiffs in 2012 concerning the disputed area did not serve to demonstrate, as a matter of law, that the plaintiffs had no claim to the disputed area. Under pre-amendment law, the alleged adverse possessor's "overt acknowledgment of title in another negates the element of hostility because it undermines notice to the owner that another is possessing the land under claim of title" (Larsen v Hanson, 58 AD3d 1003, 1004 [internal quotation marks omitted]; see Salzberg v Sena, 204 AD3d at 857). Where the possessor "concedes to the owner that title rests with the owner, the owner is no longer on notice of an adverse claim against his or her land and the element of hostility is negated" (Salzberg v Sena, 204 AD3d at 857 [citation omitted]; see Van Gorder v Masterplanned, Inc., 78 NY2d 1106, 1107-1108 ["acknowledgement during the statutory 10-year period that actual ownership of the property rested with defendant . . . would negate an essential element of plaintiffs' adverse possession claim"]).
Here, however, the letter was written in 2012, long after the plaintiffs' claimed property rights would have vested, and thus, did not serve to undermine notice to the owner. Moreover, the letter did not actually concede the plaintiffs' lack of ownership of the disputed area. The letter merely stated that the plaintiffs were not then "knowingly" making a claim to any property "at 54 Crestwood Lane." Further, while the letter acknowledged that the chain link fence was on the 54 Crestwood Lane property, it suggested that the fence was approximately on the boundary line, not 7.6 feet over the boundary line.
Nevertheless, the defendants demonstrated, prima facie, that the plaintiffs did not usually cultivate or improve the disputed area or protect it by a substantial enclosure. In that respect, the defendants demonstrated through the submission of the transcript of the plaintiff Jeffrey W. Kagan's deposition testimony that the plaintiffs did not install or maintain the fence or plant the trees that filled the disputed area. While Jeffrey Kagan's deposition testimony suggested that the plaintiffs performed some periodic maintenance of the trees, maintained the portion of the front yard that lies in the disputed area, and planted ivy and one tree of their own, this activity was not sufficient to constitute cultivation or improvement of the disputed area (see Houdek Real Estate Co., LLC v Bayport Postal Realty, LLC, 180 AD3d 761, 762; Pritsiolas v Apple Bankcorp, Inc., 120 AD3d 647, 650). At best, the plaintiffs "attempted to keep the [disputed area] in presentable condition, which is inadequate to satisfy the requirement that the real property in dispute was usually cultivated or improved" (Pritsiolas v Apple Bankcorp, Inc., 120 AD3d at 650).
In opposition to the defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint and, in effect, declaring that the plaintiffs are not the owners of the disputed area by adverse possession. For the same reason, the court properly denied the plaintiffs' cross-motion for summary judgment on the complaint.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the plaintiffs are not the owners of the disputed area by adverse possession (see Lanza v Wagner, 11 NY2d 317, [*3]334).
IANNACCI, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court