Buckheit v Aiken (2024 NY Slip Op 05953)

Buckheit v Aiken

2024 NY Slip Op 05953

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2022-06871
 (Index No. 5980/16)

[*1]Richard Buckheit, etc., plaintiff-respondent, 
v
Enid Aiken, defendant third-party plaintiff-appellant; Geneva Crandell, third-party defendant, Davis Family REH Master Series, LLC, 809NA Series, et al., third-party defendants-respondents.

Victor A. Carr, Mineola, NY (Thomas J. Stock of counsel), for defendant third-party plaintiff-appellant.
Greenberg Traurig, LLP, New York, NY (Brian Pantaleo of counsel), for third-party defendants-respondents.
Aidala, Bertuna & Kamins, P.C., New York, NY (Marianne Bertuna of counsel), for plaintiff-respondent (no brief filed).

DECISION & ORDER
In an action, inter alia, for the partition and sale of real property, the defendant third-party plaintiff appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated August 8, 2022. The order, insofar as appealed from, denied those branches of the defendant third-party plaintiff's motion which were for summary judgment dismissing the complaint, on her counterclaim alleging adverse possession, and on the third-party cause of action alleging adverse possession insofar as asserted against the third-party defendants Davis Family REH Master Series, LLC, 809NA Series, and Chai Capital, LLC, and granted the cross-motion of the third-party defendants Davis Family REH Master Series, LLC, 809NA Series, and Chai Capital, LLC, for summary judgment dismissing the third-party complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the cross-motion of the third-party defendants Davis Family REH Master Series, LLC, 809NA Series, and Chai Capital, LLC, for summary judgment dismissing the third-party complaint insofar as asserted against them, and substituting therefor a provision denying the cross-motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In 1973, David Foote and Geoffrey Aiken purchased real property located in Brooklyn as tenants in common with equal ownership. In 1977, Foote died intestate, and no heirs came forward to claim his interest in the property. Aiken began to manage the property until his death in 1994. Aiken died testate and devised his interest in the property to his wife, the defendant. Thereafter, the defendant continued to manage and collect rent on the property through her son.
In 2013, the defendant filed a petition in the Surrogate's Court to appoint the Public Administrator of Kings County (hereinafter the Public Administrator) as administrator of Foote's [*2]estate. In 2016, the Public Administrator commenced this action on behalf of Foote's estate for the partition and sale of the property and to recover a share of the rents collected on the property since Foote's death in 1977. The defendant asserted a counterclaim alleging that she had obtained sole ownership of the property by adverse possession. Thereafter, Davis Family REH Master Series, LLC, 809NA Series, and Chai Capital, LLC (hereinafter together the Davis parties), filed a notice of appearance, asserting an ownership interest in the property based upon their receipt of conveyances from Foote's alleged heirs. The defendant subsequently commenced a third-party action against the Davis parties and another third-party defendant, asserting, inter alia, a third-party cause of action alleging that their claims to the property were barred by adverse possession.
Thereafter, the defendant moved, among other things, for summary judgment dismissing the complaint, on her counterclaim alleging adverse possession, and on the third-party cause of action alleging adverse possession insofar as asserted against the Davis parties. The Davis parties cross-moved for summary judgment dismissing the third-party complaint insofar as asserted against them. In an order dated August 8, 2022, the Supreme Court, inter alia, denied those branches of the defendant's motion and granted the Davis parties' cross-motion. The defendant appeals.
To establish a claim of adverse possession, "a claimant must prove, by clear and convincing evidence, that possession of the property was '(1) hostile and under [a] claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the required period'" (Salzberg v Sena, 204 AD3d 853, 856, quoting Walling v Przybylo, 7 NY3d 228, 232). "Pursuant to RPAPL 501(3), '[a] claim of right means a reasonable basis for the belief that the property belongs to the adverse possessor or property owner, as the case may be'" (Hogan v Kelly, 86 AD3d 590, 592). Pursuant to RPAPL 541, the continuous period of possession necessary to prove a claim of adverse possession against a cotenant is 20 years (see Myers v Bartholomew, 91 NY2d 630, 632).
Here, the defendant did not establish her prima facie entitlement to judgment as a matter of law on her allegation that she had acquired the property by adverse possession. The defendant failed to submit any evidence that her possession of the property was hostile and under a claim of right as against a cotenant interest or that she had a reasonable basis for her belief that the property belonged to her alone (see RPAPL 501[3]; Fini v Marini, 164 AD3d 1218, 1220; Russo Realty Corp. v Orlando, 30 AD3d 499, 501). Since the defendant failed to satisfy her burden of establishing her prima facie entitlement to judgment as a matter of law, those branches of her motion which were for summary judgment dismissing the complaint, on her counterclaim alleging adverse possession, and on the third-party cause of action alleging adverse possession insofar as asserted against the Davis parties were properly denied without regard to the sufficiency of the opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The Davis parties also failed to satisfy their burden of establishing their prima facie entitlement to judgment as a matter of law. The evidence submitted by the Davis parties revealed triable issues of fact as to whether the possession of the property by the defendant was hostile and under a claim of right, actual, open and notorious, exclusive, and continuous for the 20-year statutory period (see Salzberg v Sena, 204 AD3d at 857-858). Under these circumstances, the Supreme Court should have denied the Davis parties' cross-motion for summary judgment dismissing the third-party complaint insofar as asserted against them (see id.).
DILLON, J.P., BRATHWAITE NELSON, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court