12049 Flatlands Ave. Corp. v Research Ctr. of Kabbalah, Inc. (2025 NY Slip Op 04854)

12049 Flatlands Ave. Corp. v Research Ctr. of Kabbalah, Inc.

2025 NY Slip Op 04854

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2021-08783
 (Index No. 518554/17)

[*1]12049 Flatlands Ave. Corp., appellant, 
v
Research Centre of Kabbalah, Inc., et al., respondents.

The Price Law Firm, LLC, New York, NY (Joshua C. Price and Jennifer Milosavljevic of counsel), for appellant.
Chiesa, Shahinian & Giantomasi, P.C., New York, NY (Daniel D. Barnes of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff is the owner of certain real property by adverse possession, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Richard J. Montelione, J.), entered November 18, 2021. The judgment, upon a decision of the same court dated March 25, 2021, made after a nonjury trial, is in favor of the defendants and against the plaintiff dismissing the complaint and declaring that the plaintiff is not the owner of the subject property by adverse possession, and is in favor of the defendants and against the plaintiff on the defendants' counterclaim declaring that the defendants are the owners of the subject property.
ORDERED that the judgment is affirmed, with costs.
In 2017, the plaintiff commenced this action for a judgment declaring that it is the owner of a certain parcel of land located on the defendants' adjacent property (hereinafter the disputed parcel) through adverse possession and for related injunctive relief. In a judgment entered November 18, 2021, the Supreme Court, upon a decision dated March 25, 2021, made after a nonjury trial, dismissed the complaint, granted the defendants' counterclaim, and declared that the plaintiff is not the owner of the disputed parcel by adverse possession and that the defendants are the owners of the disputed parcel. The plaintiff appeals.
"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind in a close case that the trial judge had the advantage of seeing the witnesses" (Sanders v US 1 Laffey Real Estate Corp., 231 AD3d 760, 761). "[W]here the court's findings of fact rest in large measure on considerations relating to the credibility of witnesses . . . deference is owed to the trial court's credibility determinations" (Ganai v 6910 Fort Hamilton Parkway Corp., 149 AD3d 914, 916 [internal quotation marks omitted]).
"[I]n order to establish a claim to property by adverse possession, a claimant must prove, by clear and convincing evidence, that possession of the property was (1) hostile and under [a] claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the [*2]required period" (Jasopersaud v Lewis, 222 AD3d 630, 632 [internal quotation marks omitted]; see Salzberg v Sena, 204 AD3d 853, 856). "A party claiming adverse possession may establish possession for the statutory period by 'tacking' the time that the party possessed the property onto the time that the party's predecessor adversely possessed the property" (Munroe v Cheyenne Realty, LLC, 131 AD3d 1141, 1142). "A party claiming title by adverse possession is not required to show enmity or specific acts of hostility in order to establish the element of hostility. This element is satisfied where an individual asserts a right to the property that is adverse to the title owner and also in opposition to the rights of the true owner" (Estate of Becker v Murtagh, 19 NY3d 75, 81 [citation and internal quotation marks omitted]; see Walling v Przybylo, 7 NY3d 228, 233). "However, hostility is negated by [s]eeking permission for use from the record owner" (Estate of Becker v Murtagh, 19 NY3d at 83 [internal quotation marks omitted]; see Walling v Przybylo, 7 NY3d at 233).
Here, the evidence at trial established that the defendants had given the plaintiff's tenant permission to use the disputed parcel as a part of its junkyard business. Thus, the plaintiff's permissive possession of the disputed parcel negated the element of hostility (see Salzberg v Sena, 204 AD3d at 856; Estate of Becker v Murtagh, 19 NY3d at 83). Moreover, applying the statutes governing adverse possession that were in effect prior to the 2008 amendments to RPAPL article 5 (see Kagan v Kropp, 228 AD3d 920, 921; Hogan v Kelly, 86 AD3d 590, 591-592), the Supreme Court's determination that the plaintiff failed to prove that its predecessor adversely possessed the disputed parcel was warranted by the evidence (see Munroe v Cheyenne Realty, LLC, 131 AD3d at 1142).
Accordingly, we affirm the judgment.
IANNACCI, J.P., BRATHWAITE NELSON, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court