Placide v 455 Bainbridge St., LLC (2026 NY Slip Op 01079)

Placide v 455 Bainbridge St., LLC

2026 NY Slip Op 01079

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
LOURDES M. VENTURA, JJ.

2021-03706
 (Index No. 510550/19)

[*1]Marie L. Placide, appellant,
v455 Bainbridge Street, LLC, respondent.

The Antoine Law Firm, LLC, New York, NY (Wilson D. Antoine of counsel), for appellant.
Ginsburg & Misk, LLP, Queens Village, NY (Joseph Gillette and Christopher Ryan Clarke of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 for a judgment declaring that the plaintiff is the owner of certain real property by adverse possession, the plaintiff appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated April 27, 2021. The order granted that branch of the defendant's motion which was for summary judgment dismissing the complaint and, in effect, for a judgment declaring that the plaintiff is not the owner of the real property at issue by adverse possession.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the plaintiff is not the owner of the real property at issue by adverse possession.
In May 2019, the plaintiff commenced this action against the defendant, among other things, pursuant to RPAPL article 15 for a judgment declaring that the plaintiff is the owner of certain residential property located in Brooklyn (hereinafter the premises) by adverse possession. The complaint alleged, inter alia, that in November 1991, the plaintiff entered into an agreement in which the defendant's predecessor in interest agreed to convey the premises to the plaintiff once the plaintiff had made 120 monthly payments. The defendant interposed an answer asserting various affirmative defenses and counterclaims seeking, among other things, a judgment declaring that it is the sole owner of the premises.
Thereafter, the defendant moved, inter alia, for summary judgment dismissing the complaint and, in effect, for a judgment declaring that the plaintiff is not the owner of the premises by adverse possession. The plaintiff opposed the defendant's motion. In an order dated April 27, 2021, the Supreme Court granted that branch of the defendant's motion. The plaintiff appeals.
"To establish a claim of adverse possession, the occupation of the property must be (1) hostile and under a claim of right (i.e., a reasonable basis for the belief that the subject property belongs to a particular party), (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period" (Estate of Becker v Murtagh, 19 NY3d 75, 81; see RPAPL 501[2]). "The element of continuity will be defeated where the adverse possessor interrupts the period of [*2]possession by abandoning the premises, where an intruder's presence renders the possession nonexclusive, or where the record owner acts to eject the adverse possessor" (Ray v Beacon Hudson Mtn. Corp., 88 NY2d 154, 159).
Here, contrary to the plaintiff's contentions, the defendant negated, prima facie, a necessary element of the plaintiff's adverse possession claim (see Salzberg v Sena, 204 AD3d 853, 857-858; Dorce v Family Dollar Stores of N.Y., Inc., 197 AD3d 1289, 1289). Specifically, the defendant established that the agreement its predecessor in interest entered into with the plaintiff terminated as of November 2001. The defendant demonstrated that in March 2004, the defendant's predecessor in interest served the plaintiff with a notice of nonrenewal and termination of tenancy and subsequently commenced a holdover proceeding and an ejectment action against the plaintiff. Thus, the defendant established, prima facie, that the plaintiff did not continuously possess the property for the requisite statutory period (see Ray v Beacon Hudson Mtn. Corp., 88 NY2d at 159). In opposition, the plaintiff failed to raise a triable issue of fact.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint and, in effect, for a judgment declaring that the plaintiff is not the owner of the premises by adverse possession.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the plaintiff is not the owner of the premises by adverse possession (see Lanza v Wagner, 11 NY2d 317, 334).
DUFFY, J.P., FORD, LANDICINO and VENTURA, JJ., concur.

2021-03706 DECISION & ORDER ON MOTION
Marie L. Placide, appellant, v
455 Bainbridge Street, LLC, respondent.
(Index No. 510550/19)

Appeal from an order of the Supreme Court, Kings County, dated April 27, 2021. Motion by the appellant, inter alia, to strike stated portions of the respondent's brief on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated December 29, 2021, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to strike stated portions of the respondent's brief on the ground that they refer to matter dehors the record is granted to the extent that the following portions of the respondent's brief are stricken and have not been considered in the determination of the appeal: (1) the portion of the second full paragraph on page 9 beginning with the words "Bainbridge never refused to appear for a scheduled deposition," through the end of that paragraph, which ends with the words "to compel discovery, depositions, or otherwise," (2) the sentence on page 11 beginning with the words "The reference in the Court's Order," (3) the fifth sentence of the first full paragraph on page 11, which begins with the words "That Order to Show Cause sought to strike," (4) the paragraph that begins on the second to last line on page 11 with the words "Appellant falsely asserts" and ends on page 12 with the words "attempts to schedule depositions," and (5) the sentence beginning on the fifth line of page 28 with the words "Indeed, [*3]appellant's counsel made a motion to renew and reargue" and the citation following that sentence, which states, "Compare NYSCEF DOC. NO. 118 with NYSCEF DOC. NO. 186," and that branch of the motion is otherwise denied.
DUFFY, J.P., FORD, LANDICINO and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court